FILED
2015 Sep-18  PM 02:44
U.S. DISTRICT COURT
N.D. OF ALABAMA



# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### MIDDLE DIVISION

| | | |
|---|---|---|
| **JUANITA HASTINGS WILLIAMS,** | ) ) ) | |
| Plaintiff, | ) ) | |
| **vs.** | ) ) | **Civil Action Number 4:14-cv-02087-AKK** |
| **CAROLYN , COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION,** | ) ) ) ) ) | |
| Defendant. | ) | |

## <u>MEMORANDUM OPINION</u>

Plaintiff Juanita Williams brings this action pursuant to Section 205(g) of the Social Security Act ("the Act"), 42 U.S.C. § 405(g), seeking review of the final adverse decision of the Commissioner of the Social Security Administration ("SSA"). The court finds that the Administrative Law Judge's ("ALJ") decision—which has become the decision of the Commissioner—is not supported by substantial evidence because the ALJ relied primarily on the opinion of Dr. Robert Heilpern, and therefore **REMANDS** the decision denying benefits.

## I. Procedural History

Williams protectively filed for disability insurance benefits on September

23, 2011, (R. 143), alleging a disability onset date of September 20, 2011, *id*., due to breast cancer, Meuniere's disease, vertigo, back pain related to a bulging disc, degenerative disc disease, and bone spurs, (R. 176). After the SSA denied her application on November 7, 2011, (R. 59), Williams requested a hearing, (R. 68–69). At the time of the hearing on April 1, 2013, Williams was fifty-three years old, (R. 59), had received a G.E.D., (R. 38), and had past relevant light skilled work as a medical assistant, light skilled work as an insurance sales agent, and light semi-skilled work as an administrative clerk, (R. 37). Williams has not engaged in substantial gainful activity her alleged onset date, (R. 21).

The ALJ denied Williams' claim on April 16, 2013, (R. 16–32), which became the final decision of the Commissioner when the Appeals Council refused to grant review on August 29, 2014, (R. 1–6). Williams then filed this action pursuant to section 1631 of the Act, 42 U.S.C. § 1383(c)(3). Doc. 1.

## II. Standard of Review

The only issues before this court are whether the record contains substantial evidence to sustain the ALJ's decision, *see* 42 U.S.C. § 405(g); *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982), and whether the ALJ applied the correct legal standards, *see Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988); *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). Title 42 U.S.C. §§ 405(g)

and 1383(c) mandate that the Commissioner's "factual findings are conclusive if supported by 'substantial evidence.'" *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). The district court may not reconsider the facts, reevaluate the evidence, or substitute its judgment for that of the Commissioner; instead, it must review the final decision as a whole and determine if the decision is "reasonable and supported by substantial evidence." *See id*. (citing *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)).

Substantial evidence falls somewhere between a scintilla and a preponderance of evidence; "[i]t is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Martin*, 849 F.2d at 1529 (quoting *Bloodsworth*, 703 F.2d at 1239) (other citations omitted). If supported by substantial evidence, the court must affirm the Commissioner's factual findings even if the preponderance of the evidence is against the Commissioner's findings. *See Martin*, 894 F.2d at 1529. While the court acknowledges that judicial review of the ALJ's findings is limited in scope, it notes that the review "does not yield automatic affirmance." *Lamb*, 847 F.2d at 701.

### III. Statutory and Regulatory Framework

To qualify for disability benefits, a claimant must show "the inability to engage in any substantial gainful activity by reason of any medically determinable

physical or mental impairments which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A); 42 U.S.C. § 416(I). A physical or mental impairment is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrated by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).

Determination of disability under the Act requires a five step analysis. 20 C.F.R. § 404.1520(a)-(f). Specifically, the Commissioner must determine in sequence:

(1)     whether the claimant is currently unemployed;

(2)     whether the claimant has a severe impairment;

(3)     whether the impairment meets or equals one listed by the Secretary;

(4)     whether the claimant is unable to perform his or her past work; and

(5)     whether the claimant is unable to perform any work in the national economy.

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986). "An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability. A negative answer to any question, other than step three, leads to a determination of 'not disabled.'" *Id*. at 1030 (citing 20

C.F.R. § 416.920(a)-(f)). "Once a finding is made that a claimant cannot return to prior work the burden shifts to the Secretary to show other work the claimant can do." *Foote v. Chater*, 67 F.3d 1553, 1559 (11th Cir. 1995) (citation omitted).

### IV. The ALJ's Decision

As a preliminary matter, the ALJ noted that Williams meets the insured status requirements of the Act through December 31, 2016, (R. 21). Turning to the Five Step sequential analysis, the ALJ initially determined that Williams had not engaged in substantial gainful activity since her alleged onset date and therefore met Step One, (R. 21). Next, the ALJ acknowledged that Williams' severe impairments of history of breast cancer status post double mastectomy and reconstruction, history of Meuniere's disease, gastroesophageal reflux disease, and cervical degenerative disc disease met Step Two. *Id*. The ALJ then proceeded to the next step and found that Williams did not satisfy Step Three since she "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments." *Id*. Although the ALJ answered Step Three in the negative, consistent with the law, *see McDaniel*, 800 F.2d at 1030, the ALJ proceeded to Step Four, where he determined that Williams

> has the residual functional capacity [("RFC")] to lift and carry 50 pounds [occasionally] and 25 pounds frequently; stand and walk approximately six hours in an eight-hour day; sit approximately six hours in an eight-hour day;

and frequently climb ramps and stairs, stoop, kneel, crouch and crawl. She
is precluded from balancing on beams; she needs to avoid concentrated
exposure to noise; and she is precluded from unprotected heights or
dangerous or moving equipment, and from work around ladders, ropes or
scaffolds.

(R. 22). In light of Williams' RFC, the ALJ determined that Williams "is capable

of performing past relevant work as a medical assistant[,] . . . insurance sales, . . .

and as an optical office/administrative clerk" because "[t]his work does not require

the performance of work-related activities precluded by [Williams' RFC],"

(R. 26). Therefore, because the ALJ answered Step Four in the negative, the ALJ

determined that Williams is not disabled. *Id.*; *see also McDaniel*, 800 F.2d at

1030.

## V. Analysis

Williams contends that the ALJ erred by improperly considering evidence

submitted by Williams' medical providers, doc. 7 at 7–14, and by relying on the

opinion of Dr. Robert Heilpern, *id*. at 12. The court will consider each argument in

turn.

*1. Dr. Hudgins, Dr. Mishra, and Salisia Valentine, R.N.P.*

Williams contends that the ALJ erred by improperly considering evidence

submitted by Dr. Diana Hudgins, Williams' chiropractor, Dr. Pranav Mishra, one

of Williams' treating physicians, and Salisia Valentine, a nurse practitioner

involved in Williams' medical treatment.[1] *Id.* at 7–14. The ALJ properly

discredited Dr. Hudgins' opinion and gave it no weight, (R. 25).[2] Dr. Hudgins

submitted a letter discussing Williams' impairments and stating that "[d]ue to the

cervical spine instability it is my opinion that she has reached maximum medical

improvement and therefore [should] be considered for permanent medical

disability," (R. 492). As the ALJ properly noted, Dr. Hudgins' opinion that

Williams is permanently disabled is an opinion on an issue reserved to the

Commissioner, and therefore not entitled to any special significance, (R. 25); *see*

*also* 20 C.F.R. 404.1527(d). The ALJ also noted that Dr. Hudgins' opinion is

> inconsistent with the great weight of the objective medical evidence that
> shows that [Williams'] orthopedic issues are not more than mild to moderate
> in nature, and . . . is inconsistent with the fact that [Williams] has not sought
> treatment from a specialist for her back pain and nothing other than
> conservative treatment has been recommended.

(R. 26). Inconsistency with the record is grounds for discrediting a medical

---

[1] As part of this argument, Williams contends that the ALJ erred by failing to recontact Dr. Hudgins and Valentine for clarification. Doc. 7 at 11–12. Recontacting a medical source to resolve an inconsistency or insufficiency is no longer required by the regulations. *See* 20 C.F.R. § 404.1520b(c).

[2] Williams contends that the ALJ incorrectly concluded that Dr. Hudgins was not an acceptable medical source. Doc. 7 at 11. To the contrary, the ALJ noted that while a chiropractor is not an acceptable medical source pursuant to 20 C.F.R. § 404.1513(a), and therefore "cannot establish the existence of a medically determinable impairment," "[a] chiropractor is considered to be a medical source whose opinion may be used to establish the nature and severity of medically determinable impairments and the claimant's ability to function," (R. 25); *see also* 20 C.F.R. § 404.1513(d)(1).

opinion. *See* 20 C.F.R. 404.1527(c)(4) ("Generally, the more consistent an opinion is with the record as a whole, the more weight we will give to that opinion."). Consequently, because Dr. Hudgins' opinion regarded an issue reserved to the Commissioner and was inconsistent with the record, the ALJ did not err by giving it no weight.

The ALJ's treatment of the material generated by Dr. Mishra and Valentine is more problematic. Dr. Mishra and Valentine submitted identical[3] letters on Williams' behalf in which they listed Williams' diagnoses and described the treatment Williams pursued, (R. 488–89; 551–52). The ALJ afforded little weight to Valentine's letter because "[w]hile [the] letter describes [Williams'] symptoms as reported by [Williams], it does not give any objective medical evidence that would support a finding that [Williams'] medical conditions disable her," (R. 25). He did not discuss Dr. Mishra's letter at all.

The Commissioner contends that the ALJ did not err in affording little weight to Valentine's letter and failing to discuss Dr. Mishra's letter because the letters are not medical opinions. Doc. 8 at 4–8; *see also Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1179 (11th Cir. 2011) (emphasis added) (quoting *Lewis*

---

[3] Dr. Mishra and Valentine belong to the same medical practice. *See* (R. 488–89; 551–52).

*v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 2011) ("Absent 'good cause,' an ALJ is to give the medical *opinions* of treating physicians 'substantial or considerable weight.'")); 20 C.F.R. 404.1527(c) (emphasis added) ("Regardless of its source we will evaluate every medical *opinion* we receive.").

> "Medical opinions are statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of [the claimant's[ impairment(s), including [the claimant's] symptoms, diagnosis and prognosis, what [the claimant] can still do despite impairment(s), and [the claimant's] physical or mental restrictions."

*Winschel*, 631 F.3d at 1179–80 (quoting 20 C.F.R. § 404.1527(a)(2)). Although the issue is not crystal-clear, the court is inclined to agree with the Commissioner because the letters do not provide any insight into the functional limitations created by Williams' condition. "[T]he mere existence of . . . impairments does not reveal the extent to which they limit [a claimant's] ability to work or undermine the ALJ's determination in that regard." *Moore v. Barnhart*, 405 F.3d 1208, 1213 n. 6 (11th Cir. 2005) (citing *McCruter v. Bowen*, 791 F.2d 1544, 1547 (11th Cir. 1986) ("'severity' of a medically ascertained disability must be measured in terms of its effect upon ability to work")). Fortunately, though, Williams' claim does not succeed or fail solely on this issue because the ALJ committed clear error in relying on the opinion of Dr. Robert Heilpern.

*2. Dr. Robert Heilpern*

The ALJ gave "significant" weight to the opinion of Dr. Robert Heilpern, a non-examining state-agency physician,[4] (R. 26); *see also* (R. 435–42). The opinion of a non-examining reviewing physician "is entitled to little weight and taken alone does not constitute substantial evidence to support an administrative decision." *Swindle v. Sullivan*, 914 F.2d 222, 226 n. 3 (11th Cir. 1990) (citing *Broughton v. Heckler*, 776 F.2d 960, 962 (11th Cir. 1985)). Critically, although the ALJ noted that Dr. Heilpern's opinion was "consistent with the evidence as a whole," (R. 26), the court has thoroughly reviewed the record and concluded that Dr. Heilpern's opinion is the *only* basis for the ALJ's assessment that Williams is capable of medium work. *See* (R. 436) (positing that Williams can lift fifty pounds occasionally and twenty-five pounds frequently). Because the opinion of a non-examining reviewing physician, "taken alone[,] does not constitute substantial evidence to support an administrative decision," *Swindle*, 917 F.2d at 226 n. 3, substantial evidence does not support the ALJ's assessment of Williams' RFC and, consequently, his decision as a whole.

There is no mandatory requirement for an ALJ to order a consultative exam.

---

[4] In fact, Dr. Heilpern's opinion was the *only* medical opinion to which the ALJ afforded any significant weight.

*See* 20 C.F.R. § 404.1520b(c)(1)(3) (emphasis added) ("We *may* ask you to undergo a consultative examination at our expense."). Nonetheless, "[i]t is well-established that the ALJ has a basic duty to develop a full and fair record," *Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003). Because Dr. Heilpern's opinion cannot be the sole basis of the ALJ's RFC assessment, and in light of the lack of any other evidence, aside from Williams' testimony, which the ALJ discredited, *see* (R. 25), this situation clearly warranted a consultative examination. Consequently, the court remands this case with instructions to the ALJ to further develop the record by ordering a consultative examination.

## VI. Conclusion

Based on the foregoing, the court concludes that the ALJ's determination that Williams is not disabled is not supported by substantial evidence. Therefore, the court remands this case for proceedings consistent with this opinion. A separate order in accordance with the memorandum of decision will be entered.

Done the 18th day of September, 2015.

_____

**ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE